Rachel E. Kaufman (Cal Bar No. 259353)
Rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorney for Plaintiff and the putative Class*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BRYANT, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>*v.*<br><br>WEALTH HARBOR FINANCIAL INSURANCE SOLUTIONS,<br><br>*Defendant.* | Case No.<br><br>**COMPLAINT FOR:**<br><br>1. **VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(b)**<br><br>**Class Action**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff John Bryant ("Plaintiff") by his undersigned counsel, for this class action complaint against Wealth Harbor Financial Insurance Solutions which does business in its own name and, alternatively, as American Benefits and Global Insurance Group. and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities ("Wealth Harbor" or "Defendant"), alleges as follows:

# I. INTRODUCTION

1. <u>Nature of Action</u>.  Plaintiff, individually and as class representative for all others similarly situated, brings this action against Wealth Harbor for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Wealth Harbor engaged in automated telemarketing in violation of the TCPA using pre-recorded messages that were sent to cellular telephones.

2. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

# II. PARTIES

3. Plaintiff John Bryant is an individual residing in Virginia.

4. Defendant Wealth Harbor is a California corporation. It has a principal place of business at 2025 W. Park Ave. Suite #2, Redlands, CA 92373.

5. Wealth Harbor engages in telemarketing from this District, as it did with the Plaintiff.

### III.   JURISDICTION AND VENUE

6. <u>Jurisdiction</u>.  This Court has subject matter jurisdiction over Plaintiff's TCPA claim pursuant to 28 U.S.C. § 1331 because Plaintiff's TCPA claim arise under the laws of the United States, specifically, 47 U.S.C. § 227.

7. <u>Personal Jurisdiction</u>.  This Court has personal jurisdiction over Wealth Harbor because it is a California company headquartered in this District.

8. <u>Venue</u>.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because Defendant resides in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

### IV.   THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

9. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

10. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).  The TCPA provides a private cause of action to persons who receive calls in violation of Section 227(b)(1)(A). 47 U.S.C. § 227(b)(3).

11. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

12. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

13. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service."

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote omitted).

## V. FACTUAL ALLEGATIONS

14. Wealth Harbor offers insurance policies.

15. One of Wealth Harbor's strategies for marketing its insurance policies and generating new customers is telemarketing.

16. Wealth Harbor's telemarketing includes the use of pre-recorded messages to generate new business.

17. Recipients of these calls, including Plaintiff, did not consent to receive such telephone calls.

18. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**Calls to Plaintiff Bryant**

19. Plaintiff Bryant's telephone number, (XXX)-XXX-0212, is registered to a cellular telephone service.

20. On August 5 and 6, 2021, the Plaintiff received pre-recorded calls from the Defendant.

21. During each call, an interactive recorded message played, starting with "This is James with American Benefits on a recorded line, how are you today?"

22. The dialog, cadence, and voice inflections of "James" during each of the calls was identical, evidencing a prerecorded voice.

23. During each of the calls, the Plaintiff was transferred to a live operator that identified as a "licensed insurance agent" and solicited the Plaintiff's purchase of an insurance policy.

24. Each of these calls was received from a spoofed Virginia area code telephone number.

25. Prior to that, on April 1, 2021, Plaintiff received a call from a spoofed Virginia area code number with a live operator that identified as "Roger … calling on behalf of American Benefits," and soliciting the Plaintiff's purchase of an insurance policy.

26. During that call the Plaintiff was transferred to another live operator that identified as "Eric … a licensed life insurance broker" working for "Global Insurance under the umbrella of Wealth Harbor Financial."

27. "Eric" provided the website globalinsurancegroupinc.com, which identifies Wealth Harbor's office address as the address for Global Insurance; however Global Insurance is not a registered company or fictitious name.

28. Eric also provided Wealth Harbor's national producer number.

29. The Plaintiff did not provide his prior express written consent to Wealth Harbor to receive the calls.

30. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Wealth Harbor because their privacy has been violated, they

were annoyed and harassed, and, in some instances, they were charged for incoming calls. The calls occupied their cellular telephone lines, rendering them unavailable for legitimate communication.

## VI. CLASS ACTION ALLEGATIONS

31. <u>Class Definition</u>. Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this case on behalf of Class (the "Class") defined as follows:

> All persons to whom: (a) Wealth Harbor and/or a third party acting on Wealth Harbor's behalf made one or more non-emergency telephone calls; (b) to their cellular telephone numbers; (c) through the use of an artificial or prerecorded voice; (d) at any time in the last four years through the date of trial.

32. <u>Numerosity</u>. The Class is so numerous that joinder of all its members is impracticable. On information and belief and on the basis of Wealth Harbor's *en masse* calling practices, the Class has at least hundreds of members.

33. <u>Commonality</u>. There are numerous questions of law and fact common to Plaintiff and members of the Class. These common questions of law and fact include, but are not limited to, the following:

   a.   Whether Wealth Harbor used a prerecorded voice:

   b.   Whether Wealth Harbor purchased batches of leads of prospects who had not consented to be called by it;

   c.   Whether Wealth Harbor and/or its affiliates or agents, and/or other persons or entities acting on Wealth Harbor's behalf, knowingly and/or

willfully violated 47 U.S.C. § 227(b)(1)(A) by making any call, except for emergency purposes, to a cellular telephone number using an artificial or prerecorded voice, thus entitling Plaintiff and the Class to treble damages;

   d. Whether Wealth Harbor and/or its affiliates, agents, and/or other persons or entities acting on Wealth Harbor's behalf should be enjoined from using pre-recorded messages in the future.

 34. <u>Typicality</u>.  Plaintiff's claims are typical of the claims of the Class. Plaintiff's claims and those of the Class arise out of the same course of conduct by Wealth Harbor and are based on the same legal and remedial theories.

 35. <u>Adequacy</u>.  Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff has retained competent and capable counsel with experience in TCPA and consumer class action litigation.  Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so.  Neither Plaintiff nor his counsel has interests contrary to or conflicting with those of the proposed Class.

 36. <u>Predominance</u>. Wealth Harbor has engaged in a common course of conduct toward Plaintiff and members of the Class.  The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues.  For example, the TCPA's statutory damages obviate the

need for mini-trials on actual damages. Adjudication of these common issues in a single action has important and desirable advantages, including judicial economy.

37. <u>Superiority</u>.  A class action is the superior method for the fair and efficient adjudication of this controversy.  Classwide relief is essential to compel Wealth Harbor to comply with the TCPA.  The interest of individual members of the Class in individually controlling the prosecution of separate claims against Wealth Harbor is small because the damages in an individual action for violation of the TCPA are small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class actions because the calls at issue are all automated and because the TCPA articulates bright-line standards for liability and damages.

38. <u>Injunctive and Declaratory Relief is Appropriate</u>. Wealth Harbor has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a classwide basis.

## VII.   FIRST CLAIM FOR RELIEF
**(Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A))**

39. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

40. The foregoing acts and omissions of Wealth Harbor and/or its affiliates or agents, and/or other persons or entities acting on Wealth Harbor's behalf, constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making non-emergency calls to the cellular telephone numbers of Plaintiff and members of the Class using an artificial or prerecorded voice.

41. As a result of violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by Wealth Harbor and/or its affiliates or agents and/or other persons or entities acting on its behalf, Plaintiff and members of the Class are entitled to an award of $500 in damages for each and every call made to their cellular telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

42. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Wealth Harbor, its affiliates and agents, and/or any other persons or entities acting on its behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an artificial or prerecorded voice.

43. As a result of knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by Wealth Harbor, its affiliates or agents, and/or other persons or entities acting on its behalf, Plaintiff and members of the Class are entitled to treble damages of up to $1,500 for each and every call made to their

cellular telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

## VIII.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his own behalf and on behalf of all members of the Class, prays for judgment against Wealth Harbor as follows:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that actions complained of herein by Wealth Harbor and/or its affiliates, agents, or related entities violate the TCPA;

E. An order enjoining Wealth Harbor and its affiliates, agents and related entities from using pre-recorded messages to call cellular telephones, absent emergency circumstances;

F. Leave to amend this Complaint to conform to the evidence presented at trial; and

G. Orders granting such other and further relief as the Court deems necessary, just and proper.

## IX.     DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this 1st day of September, 2021.

By: */s/ Rachel Kaufman*
Rachel E. Kaufman (Cal Bar No. 259353)
Rachel@kaufmanpa.com
Kaufman P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorney for Plaintiff and the Proposed Class*